UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONNIE CARTNER, DIMITRI CRANE,
LYNN OBERENDER and ANN STATES
Individually and on behalf of
others similarly situated,

        Plaintiffs,

            Case No. 6:09-CV-1293-31-DAB

    vs.

HEWITT ASSOCIATES, LLC,

        Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant HEWITT ASSOCIATES, LLC, by its undersigned counsel and pursuant to

Rules 8 and 12 of the Federal Rules of Civil Procedure, answers Plaintiffs' Amended

Complaint as follows:

**JURISDICTION AND VENUE**

**COMPLAINT PARAGRAPH NO. 1:**

This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS
($15,000.00).

**ANSWER:**

Defendant admits that Plaintiffs seek damages in excess of Fifteen Thousand Dollars,

but deny that Plaintiffs are entitled to any recovery whatsoever.

**COMPLAINT PARAGRAPH NO. 2:**

Venue lies within Orange County because a substantial part of the events giving rise
to this claim arose in this Judicial District.

**ANSWER:**

Defendant admits that venue is proper, but denies the remaining allegations in

Paragraph 2 of the Complaint.

## PARTIES

**COMPLAINT PARAGRAPH NO. 3:**

Plaintiffs are residents of Orange County, Florida.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in Paragraph 3 of the

Complaint.

**COMPLAINT PARAGRAPH NO. 4:**

Plaintiffs, BONNIE CARTNER, DIMITRI CRANE, LYNN OBERENDER and
ANN STATES bring this action on behalf of themselves and other employees similarly
situated.

**ANSWER:**

Defendant admits that Plaintiffs bring this action on behalf of themselves.  Defendant

also admits that Plaintiffs purport to bring this action on behalf of other employees.

Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT PARAGRAPH NO. 5:**

Defendant, HEWITT is a foreign corporation, engaged in substantial and not isolated
business activities within the State of Florida.  At all times material, Defendant,
HEWITT, was an employer as defined by the Act.

**ANSWER:**

Defendant admits that it is a foreign corporation and that it engages in substantial

business activities in Florida.  Defendant also admits that it is an employer as that term is

defined by the Fair Labor Standards Act.  Defendant is without knowledge or information

sufficient to form a belief as to the truth of Plaintiffs' allegation that it is engaged in "not

isolated business activities" and, therefore, denies this allegation.

**COMPLAINT PARAGRAPH NO. 6:**

Defendant is an employer as defined by the laws under which this action is
brought and employs the required number of employees.

**ANSWER:**

Defendant admits the allegations in Paragraph 6 of the Complaint, but denies that it is

liable for any alleged conduct.

**FACTUAL ALLEGATIONS**

**COMPLAINT PARAGRAPH NO. 7:**

Plaintiffs reallege paragraphs one (1) through six (6) as though set forth fully
herein.

**ANSWER:**

Defendant restates its answers to Paragraphs 1 through 6 of the Complaint as its

answer to Paragraph 7 of the Complaint.

**COMPLAINT PARAGRAPH NO. 8:**

On or about March 2006, Plaintiff, BONNIE CARTNER, began her employment with
Defendant.  Plaintiff worked first as a Customer Service Associate and was then
promoted to Senior Customer Service Associate ("CSA").

**ANSWER:**

Defendant admits that Plaintiff Bonnie Cartner began her employment in March 2006

with Hewitt as a Customer Service Associate.  Defendant denies the remaining allegations in

Paragraph 8 of the Complaint.

**COMPLAINT PARAGRAPH NO. 9:**

On or about August 28, 2006, Plaintiff, DIMITRI CRANE, began his employment with Defendant as a Customer Service Associate ("CSA").

**ANSWER:**

Defendant admits the allegations in Paragraph 9 of the Complaint.

**COMPLAINT PARAGRAPH NO. 10:**

On or about November 2006, Plaintiff, LYNN OBERENDER, began her employment with Defendant as a Customer Service Associate ("CSA").

**ANSWER:**

Defendant admits that Plaintiff Lynn Oberender began her employment with the

Company as a Customer Service Associate.  Defendant denies the remaining allegations in

Paragraph 10 of the Complaint.

**COMPLAINT PARAGRAPH NO. 11:**

On or about September 2006, Plaintiff, ANN STATES, began her employment with Defendant as a Customer Service Associate ("CSA").

**ANSWER:**

Defendant admits the allegations in Paragraph 11 of the Complaint.

**COMPLAINT PARAGRAPH NO. 12:**

During all times relevant, Plaintiffs were required to arrive approximately twenty (20) minutes prior to the start of their scheduled shift at Defendant's badge checkpoint.  After going through the checkpoint, Plaintiffs were required to perform preparatory work before their scheduled start time; however, Plaintiffs were not compensated for this time.

**ANSWER:**

Defendant denies the allegations in Paragraph 12 of the Complaint.

**COMPLAINT PARAGRAPH NO. 13:**

Plaintiffs often had their lunch breaks interrupted and were forced to perform work for Defendant; however, they were either uncompensated or partially compensated for this work time.

**ANSWER:**

Defendant denies the allegations in Paragraph 13 of the Complaint.

**COMPLAINT PARAGRAPH NO. 14:**

At the end of Plaintiffs' shifts, they were not paid for the time it took to log off of the computer system and attend to any remaining work from the day.  This process took approximately five (5) to ten (10) minutes to accomplish.  Plaintiffs were not compensated for this work time.

**ANSWER:**

Defendant denies the allegations in Paragraph 14 of the Complaint.

**COMPLAINT PARAGRAPH NO. 15:**

If Plaintiffs received a call at the end of their shift that took them past their scheduled ending time, they were only compensated if they worked for more than eight (8) minutes past the end of their scheduled shift.  Defendant did not compensate Plaintiffs for the first seven (7) minutes of work.

**ANSWER:**

Defendant denies the allegations in Paragraph 15 of the Complaint.

**COMPLAINT PARAGRAPH NO. 16:**

If Plaintiffs were not engaged in the "available" mode in Defendant's system for more than five (5) minutes, then they would not be compensated for the remaining time in which they were not logged on as "available."

**ANSWER:**

Defendant denies the allegations in Paragraph 16 of the Complaint.

**COMPLAINT PARAGRAPH NO. 17:**

At all times material, Defendant, HEWITT, employed numerous individuals that were and are similarly situated to Plaintiffs.

**ANSWER:**

Defendant denies the allegations in Paragraph 17 of the Complaint.

**CLASS REPRESENTATION ALLEGATIONS**

**COMPLAINT PARAGRAPH NO. 18:**

Plaintiff realleges paragraphs one (1) through fifteen (17) as though set forth fully herein.

**ANSWER:**

Defendant restates its answers to Paragraphs 1 through 17 of the Complaint as its

answer to Paragraph 18 of the Complaint.

**COMPLAINT PARAGRAPH NO. 19:**

The unpaid wages claim is maintainable on behalf of the class under Florida Rule of Civil Procedure 1.220(b)(3) because Plaintiffs and those similarly situated are seeking primarily money damages.  Additionally, the class action would achieve judicial economy and promote uniformity of a decision as to those similarly situated without sacrificing fairness to each individual.  Specifically, all employees in Defendant's customer service department were required to perform work before and after their scheduled shifts and during breaks, but were not compensated for this work time.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this action pursuant to Florida Rule

of Civil Procedure 1.220(b)(3).  Defendant denies the remaining allegations in Paragraph 19

of the Complaint.

**COMPLAINT PARAGRAPH NO. 20:**

There are questions of law and fact that are common to the claims of Plaintiffs' and the claims of each member of the class.  All members of the class share their claims against a specific entity, their employer.  HEWITT did not pay employees in the customer service department for the time engaged in work before and after their scheduled shifts, as well as during break and meal times.  Furthermore, the class shares nearly all of the same characteristics.  They are or were Customer Service Associates (CSAs) with similar job duties and responsibilities.  Furthermore, all CSAs are and were unpaid for the time engaged in work before and after their scheduled shifts, as well as during break and meal

times.  Plaintiffs' unpaid wages claims are common to others similarly situated because Defendant did not compensate them for time worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 20 of the Complaint.

**COMPLAINT PARAGRAPH NO. 21:**

The facts and circumstances advanced by Plaintiffs are typical of the claims of other class members because Plaintiffs, like other class members, was not compensated for time in which they were performing work for Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT PARAGRAPH NO. 22:**

The class is comprised of thousands of customer service department employees, which makes the class so numerous that separate joinder of each member is impracticable.

**ANSWER:**

Defendant denies the allegations in Paragraph 22 of the Complaint.

**COMPLAINT PARAGRAPH NO. 23:**

Plaintiffs', through their undersigned counsel, fairly and adequately protect and represent the interests of each member of the class.  Furthermore, Plaintiffs have a personal stake in the litigation and a straightforward relationship with their undersigned counsel.  Plaintiffs have retained counsel experienced in civil litigation matters. Plaintiffs' counsel, Wolfgang M. Florin and Christopher D. Gray are experienced labor and employment lawyers who have collectively counseled thousands of employees regarding their employment claims.  Plaintiffs' counsel has been approved as counsel in class action litigation many times in the past.  Wolfgang M. Florin is Board Certified by the Florida Bar in Labor and Employment Law.  Their law firm, Florin Roebig, P.A. is rated "AV" by Martindale-Hubbell.

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiffs have retained

Wolfgang M. Florin and Christopher D. Gray to represent them in this matter.  Defendant is

currently without knowledge or information sufficient to form a belief as to Plaintiffs'

allegations that Mr. Florin and Mr. Gray are "experienced in civil litigation matters," "are

"experienced labor and employment lawyers who have collectively counseled thousands of

employees regarding their employment claims," "have been approved as counsel in class

action litigation many times in the past," that Mr. Florin "is Board Certified by the Florida

Bar in Labor and Employment Law", or that "[t]heir law firm, Florin Roebig, P.A. is rated

'AV' by Martindale-Hubbell" and, therefore, denies those allegations.  Defendant is also

currently without knowledge or information sufficient to form a belief as to the truth of

Plaintiffs' allegation that they have a "straightforward relationship" with their counsel and,

therefore, deny this allegation.  Defendant denies the remaining allegations in Paragraph 23

of the Complaint.

**COUNT I**
**UNPAID WAGES**

**COMPLAINT PARAGRAPH NO. 24:**

Plaintiffs reallege paragraphs one (1) through twenty-three (23) as though set
forth fully herein.

**ANSWER:**

Defendant restates its answers to Paragraphs 1 through 23 of the Complaint as its

answer to Paragraph 24 of the Complaint.

**COMPLAINT PARAGRAPH NO. 25:**

Plaintiffs, like others similarly situated, earned wages over the course of their
employment, which remain unpaid by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of the Complaint.

Case 6:09-cv-01293-GAP-DAB   Document 25   Filed 09/09/09   Page 9 of 16


**COMPLAINT PARAGRAPH NO. 26:**

Defendant, despite Plaintiffs' reasonable attempts to obtain their unpaid wages, failed to pay or otherwise compensate Plaintiffs as required by *Fla. Stat. § 448.08.*

**ANSWER:**

Defendant denies the allegations in Paragraph 26 of the Complaint.

**COMPLAINT PARAGRAPH NO. 27:**

Plaintiffs have retained undersigned counsel and are obligated to pay them a reasonable fee for their services.

**ANSWER:**

Upon information and belief, Defendant admits that Plaintiffs have retained counsel. Defendant is currently without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 27 of the Complaint and, therefore, denies those allegations.

WHEREFORE, Plaintiffs, BONNIE CARTNER, DIMITRI CRANE, LYNN OBERENDER, and ANN STATES on behalf of themselves and others similarly situated, respectfully requests all legal and equitable relief allowed by law including: judgment against Defendant, HEWITT ASSOCIATES, L.L.C. for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

**ANSWER:**

The "WHEREFORE" Paragraph immediately following Paragraph 27 of the Complaint contains no allegations to which a response is required.  Nevertheless, Defendant denies the statements therein and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT II
### (Fair Labor Standards Act)

**COMPLAINT PARAGRAPH NO. 28:**

Plaintiff realleges and incorporates by reference paragraphs one (1) through seventeen (17) as though set forth fully herein.

**ANSWER:**

Defendant restates its answers to Paragraphs 1 through 27 of the Complaint as its

answer to Paragraph 28 of the Complaint.

**COMPLAINT PARAGRAPH NO. 29:**

The employment of Plaintiffs provided for a forty (40) hour work week, but during their respective employment Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

**ANSWER:**

Defendant admits that Plaintiffs were typically scheduled to work forty (40) hours per

work week.  Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

**COMPLAINT PARAGRAPH NO. 30:**

At all times material, HEWITT failed to comply with 29 U.S.C. § 201 *et seq.,* in that Plaintiffs worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiffs at the rate of time and one-half for the excess hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT PARAGRAPH NO. 31:**

HEWITT's failure to pay Plaintiffs the required overtime pay was intentional and willful.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Complaint.

**COMPLAINT PARAGRAPH NO. 32:**

As a direct and legal consequence of Defendant's unlawful acts, Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint.

**COUNT III**
**(FLSA Collective Action)**

**COMPLAINT PARAGRAPH NO. 33:**

Plaintiff realleges and incorporates by reference paragraphs one (1) through seventeen (17) as though set forth fully herein.

**ANSWER:**

Defendant restates its answers to Paragraphs 1 through 32 of the Complaint as its

answer to Paragraph 33 of the Complaint.

**COMPLAINT PARAGRAPH NO. 34:**

At all times material, Defendant, HEWITT, employed numerous individuals who were paid in a similar manner to Plaintiffs.  Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 of the Complaint.

**COMPLAINT PARAGRAPH NO. 35:**

Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

**ANSWER:**

Defendant denies the allegations in Paragraph 35 of the Complaint.

**COMPLAINT PARAGRAPH NO. 36:**

At all times material, Defendant, HEWITT, failed to comply with 29 U.S.C. § 201, *et seq.*, in that individuals similarly situated to Plaintiffs worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

**ANSWER:**

Defendant denies the allegations in Paragraph 36 of the Complaint.

**COMPLAINT PARAGRAPH NO. 37:**

Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

**ANSWER:**

Defendant denies the allegations in Paragraph 37 of the Complaint.

**COMPLAINT PARAGRAPH NO. 38:**

As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**ANSWER:**

Defendant denies Paragraph 38 of the Complaint.

WHEREFORE, Plaintiffs, BONNIE CARTNER, DIMITRI CRANE, LYNN OBERENDER, and ANN STATES on behalf of themselves and others similarly situated, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, HEWITT ASSOCIATES, L.L.C. for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

**ANSWER:**

The "WHEREFORE" Paragraph immediately following Paragraph 38 of the Complaint contains no allegations to which a response is required.  Nevertheless, Defendant denies the statements therein and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations pursuant to 29 U.S.C. §§ 216(b), 255, and 256.

### SECOND DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiffs, and any other employees of Defendant determined to be similarly situated to Plaintiffs, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

### THIRD DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiffs, and any other employees of Defendant determined to be similarly situated to Plaintiffs, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because  Plaintiffs, and any other employees of Defendant determined to be similarly situated to Plaintiffs, received overtime compensation when required by 29 U.S.C. § 207.

## FIFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs, and any other employees of Defendant determined to be similarly situated to Plaintiffs, were not paid for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

## SIXTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs, and any other employees of Hewitt determined to be similarly situated to Plaintiffs, were not paid for all activities performed while employed by Defendant, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' or any purportedly similarly situated individual's principal activities of employment and are not compensable.

## SEVENTH DEFENSE

Further, and in the alternative if necessary, Defendant may be entitled to a set-off for monies paid for any hours when Plaintiffs, and any other employees of Hewitt determined to be similarly situated to Plaintiffs, were not working.

## EIGHTH DEFENSE

Some of the amounts paid to Plaintiffs, and any other employees of Defendant determined to be similarly situated to Plaintiffs, should be excluded from the regular rate pursuant to 29 U.S.C. § 207(e).

## NINTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs prevail, their claims for liquidated damages and prejudgment interest are barred to the extent that these forms of relief are duplicative of each other.

WHEREFORE, Defendant respectfully submits that Plaintiffs' Complaint should be dismissed in its entirety with prejudice and that Defendant should be awarded its attorneys' fees, costs, expenses, and any other relief this Court deems appropriate.


Dated:  September 9, 2009                    Respectfully submitted,


                                             By: s/ Kathleen E. Mones
                                                 Kathleen E. Mones
                                                 Florida Bar No. 0544401
                                                 Attorneys for Defendant
                                                 SEYFARTH SHAW LLP
                                                 1545 Peachtree Street, N.E. - Suite 700
                                                 Atlanta, Georgia 30309-2401
                                                 Telephone: (404) 885-1500
                                                 Facsimile: (404) 892-7056
                                                 kmones@seyfarth.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY D. SMITH,

      Plaintiff,

      vs.                                    Case No. 6:07-CV-2016-PCF-DAB

HEWITT ASSOCIATES, LLC,

      Defendant.

_____/

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing ***DEFENDANT'S***

***ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED***

***COMPLAINT*** with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following:

                        Wolfgang M. Florin
                        Gregory A. Owens
                        Christopher D. Gray
                        FLORIN ROEBIG, P.A.
                        777 Alderman Road
                        Palm Harbor, Florida  34683

      This 9th day of September, 2009.

                        s/ Kathleen E. Mones
                          Kathleen E. Mones
                          Florida Bar No. 0544401
                          Attorney for Defendant
                          SEYFARTH SHAW LLP
                          One Peachtree Pointe
                          1545 Peachtree Street, Suite 700
                          Atlanta, GA 30309-2401
                          Telephone:  (404) 885-1500
                          Facsimile:  (404) 892-7056
                          kmones@seyfarth.com