# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BONNIE CARTNER, DIMITRI CRANE,
LYNN OBERENDER and ANN STATES,**

        **Plaintiffs,**

**-vs-**                                      **Case No. 6:09-cv-1293-Orl-31DAB**

**HEWITT ASSOCIATES, LLC,**

        **Defendant.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiffs', Bonnie Cartner, Dimitri Crane, Lynn Oberender and Ann States ("Plaintiffs"), Motion for Conditional Certification of a Collective Action (the "Motion") (Doc. 14), and Defendant's, Hewitt Associates, LLC ("Defendant"), response in opposition thereto (the "Response") (Doc. 30).

**I**

Plaintiff brought this Fair Labor and Standards Act ("FLSA")[1] suit on June 29, 2009, alleging, *inter alia*,[2] that Defendant routinely failed to pay Plaintiffs and other similarly situated employees their overtime pay in accordance with 29 U.S.C. §§ 207 and 215 (*see generally* Doc. 16). Specifically, Plaintiffs allege that Defendant routinely failed to compensate them and other

---

[1]*See generally* 29 U.S.C. §§ 201 to 209.

[2]Plaintiffs have also raised an unpaid wage claim pursuant to FLA. STAT. § 448.08 (Doc. 16, ¶¶ 24-27).

Customer Service Associates ("CSA" or "CSAs") for certain preparatory work, interrupted lunch breaks, and other off-the-clock work (Doc. 16, ¶¶ 12-16).

Plaintiffs now move this Court to conditionally certify a nationwide collective action consisting of all present and former employees who worked as CSAs at any of Defendant's U.S. offices within the last three years (Docs. 14 at 11 and 14-2 at 1).[3] Defendant has more than 23,000 employees worldwide and Plaintiffs contend that thousands of these employees should be included in this case (Doc. 16, ¶ 22). Plaintiffs, however, only worked in Defendant's Orlando office.

In its Response, Defendant contends that conditional certification is improper because: (1) Plaintiffs have failed to include any supporting affidavits from similarly situated employees that would suggest that other employees are interested in joining the case; (2) the named Plaintiffs are not similarly situated to Defendant's other CSAs (either in Defendant's Orlando offices or in its offices located in other States); and (3) Plaintiffs' off-the-clock claims are generally inappropriate for collective treatment.

The Court addresses these issues, *infra*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[3] Alternatively, Plaintiffs argue that the class should include all current or former CSAs and similarly situated employees who worked at Defendant's facilities in California, Connecticut, the District of Columbia, Florida, Georgia, Illinois, Massachusetts, Maryland, Michigan, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Texas, Virginia, and Wisconsin (Doc. 14 at 11).

**II**

The decision to conditionally certify a collective FLSA action lies within the sound discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). However, the Court "should satisfy itself" that there are similarly situated employees who desire to opt-in before certifying a collective action. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

In pertinent part, 29 U.S.C. § 216 provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Within the Eleventh Circuit, district courts are encouraged but not required to adopt a two-tiered approach to certification of classes in an FLSA case. *Hipp*, 252 F.3d at 1219 (11th Cir. 2001). Under this two-tiered approach, the court's initial decision to certify a collective action often comes early in the case. At the first tier, the Court's certification decision is based primarily on pleadings and affidavits, and the Court applies a "fairly lenient standard" in determining whether the plaintiffs are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

The named plaintiff carries the burden of demonstrating that notice of the action should be given to other employees. Although this burden is low and can often be met by "detailed

allegations supported by affidavits," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), it is not "invisible" and cannot be based on the conclusory allegations of a few employees. *Brooks v. Rainaldi Plumbing, Inc.*, Case No. 06-CV-631, 2006 WL 3544737, at * 2 (M.D. Fla. Dec. 8, 2006); *see also Simpkins v. Pulte Home Corp.*, Case No. 08-CV-130, 2008 WL 3927275, at * 2 (M.D. Fla. Aug. 21, 2008). At a minimum, the named plaintiff should offer affidavits or declarations of consent to join by other individuals stating they are similarly situated and wish to join the suit. *See*, *e.g.*, *Sanchez v. Ocwen Loan Servicing, LLC*, Case No. 06:06-CV-1811, 2007 WL 809666, at *2 (M.D. Fla. Mar. 15, 2007).

**III**

Notwithstanding the fact that Plaintiffs are attempting to certify a nationwide class consisting of "thousands of customer service department employees" (Doc. 16, ¶ 22), Plaintiffs have not filed a single affidavit or declaration of consent to join stating that another individual is a similarly situated employee and wants to join this suit. That deficiency, alone, is fatal to Plaintiffs' Motion. There are other deficiencies, however, that also must be cured before this case can proceed as a collective action.

First, Plaintiffs must offer some evidence, other than the conclusory statements in their affidavits, that they are similarly situated to the employees whom they seek to represent. This evidence needs to include more than just job titles, but at least some indicia that Plaintiffs' job requirements and pay provisions were similar to others in the class.

Second, Plaintiffs must offer some evidence that the job requirements and pay provisions of Defendant's employees in offices located outside of Orlando were similar to those in the

Orlando office.[4] All four of the named Plaintiffs only worked out of Defendant's Orlando office. There is simply no evidence, however, concerning Defendant's other offices or Defendant's policies or practices in those offices.

Finally, Plaintiffs must address the extent to which individualized inquires into each employee's day-to-day activities may be necessary in this case. Assuming such fact-specific inquires are necessary, this case would not appear to be an appropriate candidate for collective treatment.

**IV**

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Conditional Certification of a Collective Action (Doc. 14) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[4]Alternatively, Plaintiffs may restrict their class to Defendant's Orlando office.