**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BONNIE CARTNER, DIMITRI CRANE,
LYNN OBERENDER and ANN STATES
Individually and on behalf of others similarly
situated,

      Plaintiffs,

vs.

Case No. 6:09-CV-1293-Orl-31DAB

HEWITT ASSOCIATES, L.L.C.,

      Defendant.                                    /

## DEFENDANT'S MOTION TO DISMISS THE OPT-IN PLAINTIFFS

Defendant Hewitt Associates LLC ("Hewitt"), by and through its undersigned counsel, moves for dismissal of the opt-in plaintiffs on the grounds that the Court's denial with prejudice of Plaintiffs' second motion for conditional certification of a collection action is a ruling that the 10 individuals who have attempted to join this lawsuit as opt-in plaintiffs, like the putative class members, may not participate in this lawsuit as opt-in plaintiffs.

## MEMORANDUM OF LAW

Hewitt submits this memorandum of law in support of its Motion to Dismiss the Opt-In Plaintiffs.

**I.   INTRODUCTION**

Four named Plaintiffs filed this lawsuit as a putative collection action under the Fair Labor Standards Act ("FLSA"). As of the date of this motion, 10 individuals have attempted to join this lawsuit as opt-in plaintiffs. On March 31, 2010, the Court denied

with prejudice Plaintiffs' second motion for conditional certification of a collective action. That ruling requires the dismissal of all 10 opt-in plaintiffs at this time because the opt-in plaintiffs may not remain parties in that capacity following denial of certification of this collective action. Based on the Court's ruling, this lawsuit must proceed as a multi-plaintiff action consisting only of the four named Plaintiffs unless the Court were to grant the opt-in plaintiffs leave to join this lawsuit as named plaintiffs. Because the opt-in plaintiffs have failed to comply with the Court's Scheduling Order, as discussed in Hewitt's previous motion to dismiss or compel compliance, (Doc. 80), their dismissal as opt-in plaintiffs should be with prejudice.

## II.    PROCEDURAL BACKGROUND

Bonnie Cartner, Lynn Oberender, Dimitri Crane, and Sarie States filed this lawsuit as named plaintiffs on behalf of themselves and on behalf of a class of purportedly similarly situated individuals. Plaintiffs initially moved for conditional certification of a collective action under the FLSA on August 17, 2009. Hewitt opposed that motion, and on October 7, 2009, the Court denied Plaintiffs' motion without prejudice. Between November 2 and December 2, 2009, nine individuals—Annette Newman, Courtney Housewright, Betty Pytel, Brent Norris, Kyle DiCocco, Janet Taylor, Joe Staten, Yvonne Fevrier, and Freddy Sepulveda—filed consents to join the lawsuit.[1] Plaintiffs filed a second motion for conditional certification of a collective action on January 29, 2010. Hewitt opposed that motion as well. Shortly thereafter, a tenth individual, Jon Batchelor, filed a consent to join the lawsuit.

---

[1] Another individual, Antonio Banos, filed a consent to join on December 3, 2009, but on March 10, 2010, the Court granted the parties' joint stipulation to dismiss his claims with prejudice.

On March 18, 2010, Hewitt filed a motion to dismiss the named Plaintiffs and the opt-in plaintiffs due to their failure to comply with the Court's Scheduling Order or, in the alternative, to compel their compliance with the Scheduling Order.[2] Plaintiffs have filed their response, and the motion to dismiss or compel compliance is currently pending.[3]

The Court denied with prejudice Plaintiffs' second motion for conditional certification by Order dated March 31, 2010, holding that the lawsuit is not appropriate for collective treatment for three reasons: (1) Plaintiffs have failed to file affidavits from similarly situated employees in Hewitt locations other than Orlando; (2) Plaintiffs have not shown that the putative class members in Orlando are similarly situated; and (3) there are "significant differences amongst even the named Plaintiffs" that will necessitate individualized inquiries on a "plaintiff-by-plaintiff basis." (Doc. 82, p. 7). The Court's

---

[2] Jon Batchelor filed his consent form on March 12; thus, his deadline for producing documents pursuant to the Court's Scheduling Order was April 1—after Hewitt filed its motion to dismiss or compel compliance. As of the date of this motion, he has produced no documents to Hewitt, and he has not attested to have diligently searched for documents and found none to support his unpaid wages claim. April 21 is Jon Batchelor's deadline for answering the Court's interrogatories.

[3] Plaintiffs' response to Hewitt's motion to dismiss or compel compliance contains misstatements and misrepresentations regarding: (1) the parties' obligations pursuant to the Court's Scheduling Order; (2) the 2,115 pages of time sheets and payroll records produced by Hewitt pursuant to the Scheduling Order; (3) the opt-in plaintiffs' failure to prosecute their claims; (4) the named Plaintiffs and the opt-in plaintiffs' lack of attestations to the Court regarding their efforts to comply with the Scheduling Order; and (5) Plaintiffs' and opt-in plaintiffs' failure to diligently search for and produce documents supporting their unpaid wages claims. (Doc. 84.) Nevertheless, Hewitt has not requested leave to file a reply to correct Plaintiffs' misrepresentations and misstatements because the Court's denial with prejudice of Plaintiffs' second motion for conditional certification warrants the opt-in plaintiffs' dismissal from the lawsuit regardless of how the Court rules on Hewitt's motion to dismiss or compel compliance.

non-exhaustive list of factors that will necessitate individualized inquiries includes the following:

- each client team of putative class members has its own supervisor who has discretion to manage the putative class members' timekeeping and performance;

- the unrebutted evidence submitted by Hewitt establishes that there are significant differences in the manner in which putative class members start and end their shifts, take breaks, and handle client calls;

- named Plaintiffs Cartner, Oberender, and States have received meal break workplace modifications unlike the other named Plaintiff and opt-in plaintiffs; and

- named Plaintiffs and opt-in plaintiffs have submitted sworn testimony with inconsistent statements as to how their hours worked were allegedly recorded and paid.

(Id., pp. 3-5, 7).

### III.    ARGUMENT

#### A.    The Legal Standard

The Eleventh Circuit Court of Appeals and district courts within the Eleventh Circuit have found that, when conditional certification of a collective action is denied, or when a motion for decertification of a collective action is granted, opt-in plaintiffs should be dismissed from the lawsuit. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001) (suggesting that district courts in the Eleventh Circuit follow the two-step process of conditional certification and decertification and that opt-ins should be dismissed without prejudice if a FLSA collective action is decertified); Stephens v. Erosion Containment Mgmt., Inc., No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008) (if the court decertifies an FLSA class, it

4

dismisses the opt-in plaintiffs without prejudice, "and proceeds to trial on the original claims by the named plaintiff or plaintiffs"); Brooks v. A. Rainaldi Plumbing, Inc., No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *1 (M.D. Fla. Dec. 8, 2006) (if a class action is decertified, "the opt-in plaintiffs are dismissed, without prejudice" and "[t]he case proceeds on the individual claims of the original plaintiffs"); Williams v. Accredited Home Lenders, Inc., No. 1:05-CV-1681-TWT, 2006 WL 2085312, *5 (N.D. Ga. Jul. 25, 2006) (dismissing all opt-in plaintiffs without prejudice upon denial of conditional class certification); Vaughn v. Oak Street Mortgage, LLC, No. 5:05CV311OC10GRJ, 2006 WL 1529178, at *2 (M.D. Fla. May 30, 2006) (denying conditional certification of an FLSA collective action and immediately entering a judgment dismissing without prejudice the opt-in plaintiffs).

Courts in other federal circuits have reached the same conclusion. See, e.g. Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916 n.2 (5th Cir. 2008) (if the court determines the opt-in plaintiffs are not similarly situated, "the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims"); Odem v. Centex Homes, Civ. No. 3:08-CV-1196, 2010 WL 424216, *2 (N.D. Tex. Feb. 4, 2010) (ruling that because collective action certification had been denied, "the opt-in plaintiffs who have joined this proceeding are dismissed without prejudice from this action.  This case will proceed only on Plaintiff's individual claims"); McElmurry v. U.S. Bank Nat'l Ass'n, No. CV-04-642-HU, 2007 WL 1276958, *3 (D. Or. Mar. 23, 2007) ("once a collective action is denied, or the action is decertified as a collective action, the opt-in or putative opt-in no longer has a place in the litigation"); Briggs v. United States, 54 Fed.

5

Cl. 205, 206 (Fed. Cl. 2002) (if the FLSA class is decertified, the opt-ins are dismissed without prejudice).

### B.     Dismissing the Opt-In Plaintiffs Is Consistent With This Court's Order

The Court's March 31 order and the case law cited above dictate dismissal of the opt-in plaintiffs. This Court denied conditional certification of a collective action because the opt-in plaintiffs were not similarly situated to each other or the named Plaintiffs and because many individualized, plaintiff-specific inquiries would be necessary to resolve each Plaintiff's claims. For these same reasons, the named Plaintiffs cannot represent the current 10 opt-in plaintiffs, and these opt-in plaintiffs must be dismissed from this lawsuit. If one or more of the opt-in plaintiffs desires to join this lawsuit as a named plaintiff, he or she could move for Court permission to do so within a brief period of time following their dismissal, subject to the statute of limitations, Rule 11 of the Federal Rules of Civil Procedure, and the Court's ruling on Hewitt's pending motion to dismiss their claims or compel their compliance with the Court's Scheduling Order.

### C.     The Opt-In Plaintiffs' Claims Should Only Be Tolled From the Date Each Individual Filed His Or Her Consent Form To the Court's March 31 Order

Hewitt submits that if the opt-in plaintiffs are permitted to pursue their claims as named plaintiffs, the only tolling applicable to their claims is from the date of the filing of each notice of consent to join up to March 31, 2010, the date of this Court's decision denying Plaintiffs' second motion for conditional certification. Even this tolling should apply only if the opt-in plaintiffs seek to pursue their claims within a brief period of time,

following their dismissal, set by the Court for doing so.  Tolling beyond this defined and limited time period is without a legal basis unless extraordinary circumstances exist.  See 29 U.S.C. § 216(b) ("[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"); 29 U.S.C. § 256 (an action is commenced under the FLSA, on behalf of an individual who is not named as a party plaintiff in the case, on the date that the individual's written consent to join the lawsuit is filed); Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (holding that "only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action"); In re Tyson Foods, Inc., MDL Docket No. 1854, 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008) ("if the court later denies certification of the collective action and dismisses the opt-in plaintiffs, the statute of limitations resumes upon that dismissal") (citing Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1380 (11th Cir. 1998)); Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178 (M.D. Pa. 2008) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. … As such, courts must be cautious about equitably tolling the FLSA limitations period especially where … there are no allegations of wrongdoing on the part of the defendant") (citations omitted); Vaughn v. Oak Street Mortgage, LLC, No. 5:05-CV-311OC10GRJ, 2006 WL 890071 at *2 (M.D. Fla. Apr. 3, 2006) (holding that courts should equitably toll a statute of limitations only in extraordinary situations, that the plaintiff "bears the burden of showing that such

7

extraordinary circumstances exist," and that equitable tolling of the statute of limitations is not justified by the pendency of a motion for conditional certification).

No extraordinary circumstances exist in this case that could justify tolling the statute of limitations on the opt-in plaintiffs' claims prior to the filing of their consent to join forms or subject to the Court's denial of Plaintiffs' second motion for conditional certification. Plaintiffs' counsel and the opt-in plaintiffs simply made the strategic decision to file consent to join forms in this action, as opposed to filing separate lawsuits on their own behalf or joining this lawsuit as named plaintiffs. "Thus, no compelling equitable reason exists" for tolling the statute of limitations on their claims prior to the filing of their consent forms and subsequent to the Court's denial of conditional certification of a collective action. In re Tyson Foods, Inc., 2008 WL 4613645, at *3-4; see also Vaughn, 2006 WL 1529178, at *2 ("because the law is clearly established that the pendency of this action tolled the running of the statute of limitations against the opt-in Plaintiffs once they filed their consent to sue notices, the Court sees no need to withhold the entry of judgment of dismissal without prejudice").

## IV.    CONCLUSION

For the foregoing reasons, Hewitt respectfully requests that the opt-in plaintiffs be dismissed from this action and that this case proceed as a multi-plaintiff lawsuit consisting of the four named Plaintiffs' claims only. Alternatively, Hewitt respectfully requests that the opt-in plaintiffs be allowed a brief period of time not to exceed thirty (30) days, to join this lawsuit as named plaintiffs if and only if the Court decides not to

grant Hewitt's motion to dismiss them from this lawsuit with prejudice for failure to comply with the Court's Scheduling Order.

Respectfully submitted this 13th day of April, 2010.

>HEWITT ASSOCIATES LLC
>
>By: s/ Richard L. Alfred
>      Richard L. Alfred
>      Counsel for Defendant
>      (Admitted Pro Hac Vice)
>      SEYFARTH SHAW LLP
>      World Trade Center East
>      Two Seaport Lane, Suite 300
>      Boston, Massachusetts 02210-2028
>      ralfred@seyfarth.com
>
>      Louisa J. Johnson
>      Counsel for Defendant
>      (Admitted Pro Hac Vice)
>      SEYFARTH SHAW LLP
>      1545 Peachtree Street, N.E., Suite 700
>      Atlanta, Georgia 30309
>      Telephone: (404) 888-1023
>      Facsimile: (404) 724-1523
>      lojohnson@seyfarth.com
>
>      Ashley Rosenthal
>      Florida Bar No. 0513792
>      arosenthal@therosenthallaw.com
>      Jason Rosenthal
>      Florida Bar No. 0009482
>      jrosenthal@therosenthallaw.com
>      Counsel for Defendant
>      THE ROSENTHAL LAW FIRM, P.A.
>      4798 New Broad Street N.E., Suite 310
>      Orlando, Florida 32814
>      Telephone: (407) 488-1220
>      Facsimile: (407) 488-1228

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Defendant's Motion To Dismiss the Opt-In Plaintiffs** has been filed using the CM/ECF system, which will automatically send electronic notification of such filing to the following counsel of record:

Wolfgang M. Florin
Gregory A. Owens
Christopher D. Gray
FLORIN ROEBIG, P.A.
777 Alderman Road
Palm Harbor, FL 34683

This 13th day of April, 2010.

__s/ Louisa J. Johnson_____
Louisa J. Johnson
Counsel for Defendant
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street, Suite 700
Atlanta, GA 30309-2401
Telephone: (404) 888-1023
Facsimile: (404) 724-1523
lojohnson@seyfarth.com

12234880v.3