**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BONNIE CARTNER, DIMITRI CRANE,
LYNN OBERENDER and ANN STATES
Individually and on behalf of others similarly
situated,

      Plaintiffs,

vs.

                              Case No. 6:09-CV-1293-Orl-31DAB

HEWITT ASSOCIATES, L.L.C.,

      Defendant.                        /

**DEFENDANT'S MOTION TO DENY RULE 23 CLASS**
**CERTIFICATION AND STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

      Defendant Hewitt Associates LLC ("Hewitt"), by its attorneys and pursuant to

Federal Rule of Civil Procedure 23(c)(1) and Local Rule 4.04, moves this Court for an

order denying with prejudice class certification of Plaintiffs' Florida "unpaid wages"

claim and striking the class allegations from Plaintiffs' Amended Complaint on the

following grounds:  (1) Plaintiffs' deadline to move for Rule 23 class certification passed

many months ago; (2) good cause cannot be shown for extending Plaintiffs' deadline for

seeking class certification; and (3) permitting Plaintiffs to move belatedly for class

certification would be futile as Plaintiffs cannot meet the requirements for certification of

a Rule 23 class action.  Hewitt submits the following memorandum of law in support of

its motion.

## MEMORANDUM OF LAW

Plaintiffs initially filed two separate lawsuits against Hewitt—one under the Fair Labor Standards Act, which Plaintiffs asserted should proceed on a collective basis pursuant to 29 U.S.C. § 216(b), and the other under an unidentified Florida "unpaid wages" law, which Plaintiffs asserted should proceed on a class basis.[1]  Both lawsuits were based on the same factual allegations of purported off-the-clock work by Plaintiffs pre-shift, post-shift, and during meal breaks.  Recognizing that the factual allegations in the two lawsuits are identical, the Court *sua sponte* consolidated Plaintiffs' FLSA and unpaid wages claims into one lawsuit.  (Doc. 11, p. 2) (noting that the two claims involve the same parties and "rel[y] upon the same common nucleus of operative facts" and that "the only difference between [them] appears to be that the 1293 Action asserts claims under the Fair Labor Standards Act rather than FLA. STAT. § 448").

More than eight months after consolidation of the lawsuits, Plaintiffs have not sought certification of a class action for their purported state law unpaid wages claim despite the fact that this Court's local rules set a deadline of 90 days from case initiation to so move.  Instead, they have twice sought and twice been denied conditional certification of an FLSA collective action.  This Court denied with prejudice Plaintiffs' second motion for conditional certification on the grounds that Plaintiffs' FLSA claim would never be appropriate for collective treatment due to the material differences even

---

[1] As the Court noted in its Order of consolidation, "Plaintiffs do not indicate [on] which section of Chapter 448 their claims are based."  (Doc. 11, p. 1).  Hewitt reserves its right to challenge the legal sufficiency of Plaintiffs' "unpaid wages" claim at an appropriate time.

among the named Plaintiffs and due to the large number of individualized inquiries that will be necessary to resolve Plaintiffs' claims.

Because Plaintiffs cannot meet the requirements for conditional certification of an FLSA collective action under the relatively lenient similarly-situated standard, they also cannot meet the more stringent Rule 23 class action certification requirements of numerosity, commonality, typicality, and adequacy of representation. Moreover, as Plaintiffs primarily seek monetary damages for their unpaid wages claim, they must meet the Rule 23(b)(3) requirements of showing that common questions of law or fact predominate over Plaintiff-specific issues and that a class action is the superior method for resolving Plaintiffs' claims. Yet, the same Plaintiff-specific issues and individualized inquiries that make collective treatment of Plaintiffs' FLSA claim inappropriate make it impossible for Plaintiffs to meet the Rule 23 requirements necessary to maintain a class action for monetary damages on Plaintiffs' unpaid wages claims. In other words, Plaintiff-specific issues will predominate over common questions of law or fact in resolving the unpaid wages claim and, thus, make individualized treatment of Plaintiffs' unpaid wages claims superior to class treatment of those claims.

In summary, Plaintiffs' deadline for moving for class certification under Rule 23 has long expired, Plaintiffs cannot show good cause for excusing their failure to comply with the Court's deadline for so moving, and even if they could, a belated Rule 23 motion would be futile because Plaintiffs cannot possibly meet the class certification requirements of Rule 23(a) and (b)(3). For all of these reasons, this Court should deny

class treatment of Plaintiffs' unpaid wages claim and strike Plaintiffs' class allegations from their Amended Complaint.

## I.     PROCEDURAL BACKGROUND

Plaintiffs originally filed their Complaint for unpaid wages in the Ninth Judicial Circuit in and for Orange County, Florida.  On August 6, 2009, Hewitt removed the lawsuit to this Court where it was initially given a separate case number (6:09-cv-01343-MSS-DAB) from the already-removed FLSA lawsuit.  Approximately a week later, the Court *sua sponte* entered an order consolidating the unpaid wages lawsuit with Plaintiffs' FLSA lawsuit to create the instant lawsuit.  (Doc. 11, p. 2).  As part of that Order of consolidation, the Court required Plaintiffs to file an Amended Complaint that should include all of their claims against Hewitt.  (Id.).  Plaintiffs responded by filing their Amended Complaint, which simply combined the allegations of the two original complaints in one document.  (Doc. 16).  Included in Plaintiffs' Amended Complaint is the allegation that the Florida "unpaid wages claim is maintainable on behalf of the class under Florida Rule of Civil Procedure 1.220(b)(3) because Plaintiffs and those similarly situated are seeking primarily money damages." (Id., ¶ 19).  The class Plaintiffs seek to represent for their unpaid wages claim consists of individuals interchangeably referred to in the Amended Complaint as "Customer Service Associates (CSAs)" and "customer service department employees."  (Id., ¶ 20).

Prior to the Court's consolidation of the two lawsuits, the Court had issued a Scheduling Order to govern the initial proceedings for Plaintiffs' FLSA claims.  (Doc. 5). The Scheduling Order required the parties to exchange documents, Plaintiffs to answer

Court interrogatories, and the parties to engage in an in-person settlement conference. (<u>Id.</u>). The Scheduling Order also provided that all discovery in the case would be stayed until the parties filed the Case Management Report. (<u>Id.</u>, ¶ 7). Plaintiffs did not move to alter the Scheduling Order, as permitted by the Order, or otherwise seek a determination as to whether the stay of discovery on the FLSA claims also applied to their Florida unpaid wages claim. (<u>Id.</u>, ¶ 11). Plaintiffs also did not move, as permitted by Local Rule 4.04(b), for leave to take discovery on their class allegations prior to the parties holding the Rule 26(f) meeting and filing a case management report.

Despite the Scheduling Order's stay of discovery, Plaintiffs filed their first motion for conditional certification of an FLSA collective action on August 17, 2009. Hewitt opposed that motion. On October 1, 2009, the parties held an in-person settlement conference as required by the Scheduling Order. That settlement conference proved unsuccessful, and a few days later, the Court denied Plaintiffs' first motion for conditional certification without prejudice. (Doc. 31). A few weeks later, the parties notified the Court that they wished to engage in a formal mediation on December 3 and 4, 2009. (Doc. 32). The Court responded by extending the Scheduling Order's deadline for continuing settlement negotiations and extending the deadline for the parties to file a Case Management Report to December 14. (Doc. 35). As of December 15, the Rule 26(f) conference had not occurred, and the parties filed motions concerning the issues that had occurred in attempting to schedule the conference. (Docs. 52 and 53). In response, the Court provided the parties with a new deadline of December 23 to file the Case Management Report. (Doc. 54). The parties held the Rule 26(f) conference and

then filed the Case Management Report on December 23, 2009, which opened the

discovery period in the lawsuit.  Approximately two weeks later, the Court issued its

Case Management and Scheduling Order, which did *not* alter the 90-day deadline for a

class certification motion.  (Doc. 59).

On January 29, 2010, Plaintiffs filed their second motion for conditional

certification of a collective action.  (Doc. 64, which was re-filed in redacted version as

Doc. 72).  Hewitt opposed it, and the Court denied Plaintiffs' second motion for

conditional certification with prejudice on March 31.  (Doc. 82).  As of the date of this

motion—more than *eight months* after the Notice of Removal—Plaintiffs have not filed a

motion seeking certification of a Rule 23 class action, and they have not sought any

discovery from Hewitt.

## II.     ARGUMENT

### A.     The Court Has Authority To Deny Class Certification On Defendant's Motion

While the district court must determine "[a]t an early practicable time" whether to

certify a class action, it is not necessary for the court to wait for Plaintiffs to move for

class certification in order to make that determination.  Fed. R. Civ. P. 23(c)(1).  Federal

courts throughout the country have held that the defendant may preemptively move for an

order denying Rule 23 class certification of the plaintiff's claims.  See, e.g. Vinole v.

Countrywide Home Loans, Inc., 571 F.3d 935, 937 (9th Cir. 2009) (holding that district

court did not abuse its discretion by considering defendant's preemptive motion to deny

Rule 23 certification of plaintiffs' wage and hour claims because "no rule or decisional

authority prohibited [defendant] from filing its motion to deny certification before

[p]laintiffs filed their motion to certify").[2]  In addition, a district court may make such a

determination *sua sponte*.  See Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d

1200, 1216 n.37 (11th Cir. 2006) ("'[t]he trial court has an independent obligation to

decide whether an action was properly brought as a class action, even where … neither

party moves for a ruling on class certification'") (citations omitted).

> **B.    Class Certification Of Plaintiffs' Unpaid Wage Claim Should Be
> Denied Because Their Deadline For Moving For Class Certification
> Has Passed**

This Court's Local Rule 4.04 sets an even stricter requirement than the Rule

23(c)(1) requirement that the Court determine the appropriateness of a class action as

early as practicable.  Specifically, Local Rule 4.04 requires that Plaintiffs move for class

certification under Federal Rule of Civil Procedure 23(c)(1) "[w]ithin ninety (90) days

following the filing of the initial complaint in such an action, unless the time is extended

by the Court for cause shown."  M.D. Fla. L.R. 4.04(b).  Where, as here, the lawsuit is in

federal court as a result of the defendant's filing of a notice of removal, this 90-day

deadline begins to run on the date of the filing of the notice of removal.  Seyboth v.

General Motors Corp., No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *1 (M.D.

Fla. 2008).

---

[2] See also Cook County College Teachers Union, Local 1600 v. Byrd, 456 F.2d 882, 885 (7th Cir. 1972) ("One opposing a class action may move for an order determining that the action may not be maintained as a class suit"); Fedotov v. Peter T. Roach & Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) ("defendant's Motion for Denial of Class Certification—a procedural 'preemptive strike' against this purported class action—is properly before this court"); Blihovde v. St. Croix County, 219 F.R.D. 607, 612 (W.D. Wis. 2003) ("under Fed.R.Civ.P. 23(c)(1), either party may ask the court to determine whether class certification is appropriate"); Lumpkin v. E.I. Du Pont De Nemours & Co., 161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (granting defendant's motion to strike plaintiffs' class allegations based on plaintiffs' pleadings and plaintiffs' discovery responses in advance of defendant responding to any discovery because it was evident that the Rule 23(a) requirements of commonality and typicality would not be met).

Plaintiffs' Complaint for unpaid wages was removed to federal court on August 6, 2009; thus, their deadline for seeking Rule 23 class certification was November 4, 2009. Because Plaintiffs did not move for Rule 23 class certification on or before November 4, 2009, they should be denied Rule 23 class treatment of their unpaid wages claim should be denied, and the class allegations should be stricken from their Amended Complaint pursuant to Local Rule 4.04.   See Gonzalez v. Asset Acceptance, LLC, 308 Fed. Appx. 429, 430, 2009 WL 186012, at *1 (11th Cir. Jan. 26, 2009) (concluding "that the district court did not abuse its discretion by denying class certification, as [plaintiff] failed to comply with Local Rule 4.04(b)" and "[a] district court is authorized to dismiss an action for failure to comply with local rules") (unpublished); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1565-66 (11th Cir. 1987) (upholding district court's denial of Rule 23 certification based, in part, on plaintiff's failure to move for class certification within the 90-day deadline for doing so pursuant to Middle District of Florida Local Rule 4.04(b)).[3]

---

[3] See also Ramos-Barrientos v. Bland, No. 606CV089, 2009 WL 3851624, at *3 (S.D. Ga. Nov. 17, 2009) ("[w]hile some circuits have held that failure to comply with a local rule's certification motion deadline is an insufficient basis for denying class certification, the Eleventh Circuit does not follow this approach") (citations omitted); Seyboth, 2008 WL 1994912, at *2 ("The Eleventh Circuit has expressly recognized the authority of the district courts to apply local rules prescribing a deadline for the filing of a motion for class certification, or to sanction plaintiffs for noncompliance") (citation omitted); Brown v. Parker Hannifin Corp., No. CIVA98-616-CIV-ORL18C, 1999 WL 1449761, at *4 & n.3 (M.D. Fla. Oct. 13, 1999) (finding that the lawsuit "must proceed as an individual discrimination case" because plaintiff failed to move for class certification within the 90-day deadline for doing so); Washington v. Vogel, 158 F.R.D. 689, 692 (M.D. Fla. 1994) (denying renewed motion for class certification that was filed after the 90-day deadline); Kubany v. Sch. Bd. of Pinellas County, 149 F.R.D. 664, 666 (M.D. Fla. 1993) (granting defendant's motion to strike plaintiff's class action allegation for failure to meet the Rule 23 requirements and for failure to comply with 90-day deadline provided in Local Rule 4.04(b)).

**C.** **Plaintiffs Cannot Obtain an Extension On Their Deadline For Moving For Rule 23 Class Certification Because Their Failure To Timely Move Is Not the Result Of Excusable Neglect**

Because the 90-day deadline for moving for class certification has passed, Plaintiffs may only seek class certification now if they can show that their failure to timely move, or to timely seek an extension to move, is the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); Seyboth, 2008 WL 1994912, at *1.  Excusable neglect is determined using the following four factors:  (1) the potential for prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether the party seeking the extension was in control of the delay; and (4) whether the party seeking the extension is acting in good faith.  Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting Pinoeer Inv. Svcs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993)).  Plaintiffs cannot show that these four factors exist in their case and that their failure to timely move for class certification is a result of excusable neglect.

Plaintiffs filed their lawsuit in June of 2009 and have had more than eight months since removal of their lawsuit to federal court to move for Rule 23 class certification. During that time, Plaintiffs have managed to move for conditional certification of an FLSA collective action twice.  Yet, Plaintiffs have not sought certification of a Rule 23 class action.[4]  The possibility that Plaintiffs simply forgot about or miscalculated their

---

[4] The fact that Plaintiffs have not engaged in discovery as of the date of this motion does not excuse their failure because the Court's Local Rule 4.04 permits Plaintiffs to move for Court permission to engage in class-related discovery prior to the opening of the discovery period. Even were the Court to construe its Scheduling Order (Doc. 5) as tolling the 90-day deadline for Plaintiffs to move for Rule 23 class certification until the filing of their Case Management Report,

deadline for moving for Rule 23 class certification does not constitute excusable neglect. Advanced Estimating Sys, 130 F.3d at 998 (holding that ignorance of the rule or misunderstanding of the rule does not constitute excusable neglect); Seyboth, 2008 WL 1994912, at *1 (same).  Because Plaintiffs have not sought, pursuant to the Scheduling Order or Local Rule 4.04, early discovery on class certification issues, if needed, and because Plaintiffs have not engaged in any discovery over the past four months since the discovery period opened, Plaintiffs cannot argue that a need for discovery on class issues constitutes a valid excuse for failing to timely move for class certification.  Further, the fact that the parties engaged in early settlement negotiations does not excuse Plaintiffs' failure to move for class certification or to seek an extension, pursuant to Local Rule 4.04, for doing so.  See, e.g. Ramos-Barrientos, 2009 WL 3851624, at *4 (denying plaintiffs' motion for class certification because delays caused by settlement negotiations and motion to dismiss, delays in discovery, and oversight by plaintiffs' counsel did not excuse failure to move for class certification within the 90-day deadline set by local rule). In short, Plaintiffs are in control of the delay that occurred because they could have avoided it by timely moving for class certification or seeking Court permission to extend their deadline for so moving.  Because they did not, the parties are now eight months into the case, and Hewitt is litigating the case as a multi-plaintiff lawsuit based on the Court's denial with prejudice of Plaintiffs' second motion for conditional certification of a collective action.

---

Plaintiffs would still have failed to file a timely motion for Rule 23 class certification.  More than 90 days have passed since the parties filed the Case Management Report, and the discovery period opened on December 23, 2009.  Ninety days from the parties' filing of their Case Management Report was March 23, 2010.

Plaintiffs' failure to comply with the deadline for seeking Rule 23 class certification cannot meet the standard for excusable neglect.  Thus, the Court should enforce the 90-day deadline and deny class certification of Plaintiffs' purported Florida unpaid wages claim.

> **D.  Granting Plaintiffs Additional Time To Move For Class Certification Would Be Futile Because Plaintiffs Cannot Meet the Rule 23 Requirements**

Even if this Court were to grant Plaintiffs additional time to move for Rule 23 class certification, such an extension would be futile and would waste the time and resources of this Court and the parties because Plaintiffs cannot possibly meet the Rule 23 requirements for class certification.[5]  In Plaintiffs' Amended Complaint, Plaintiffs allege that they are "seeking primarily money damages."  (Doc. 16, ¶ 19).  Thus, Plaintiffs must meet the requirements of Rule 23(a) and (b)(3) to maintain a class action.[6] Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1188 (11th Cir. 2003) (failure to establish each of the four Rule 23(a) prerequisites "and at least one of the alternative requirements of Rule 23(b) precludes class certification"); Scott v. City of Anniston, 682 F.2d 1353, 1355 (11th Cir. 1982) ("in Rule 23(b)(3) suits the primary relief is monetary").  The burden of proving that the Rule 23 requirements have been met and that

---

[5] Hewitt also relies for this portion of the present motion on its Opposition (with supporting affidavits) to Plaintiffs' Second Motion To Create a Conditional Opt-In Class.  (Docs. 76 - 76-14).

[6] While Plaintiffs cite in their Amended Complaint to the Florida Rules of Civil Procedure for class actions, (Doc. 16, ¶ 19), Rule 23 of the Federal Rules of Civil Procedure, not state procedural law, applies to a class certification decision in this lawsuit which is proceeding in federal court.  Hollis v. Florida State University, 259 F.3d 1295, 1299 (11th Cir. 2001) ("removed actions become subject to federal rather than state rules of procedure").

a class is proper rests with Plaintiffs, <u>Valley Drug</u>, 350 F.3d at 1187.[7]  Plaintiffs cannot meet this burden as established by the Court's denial of their two motions for conditional certification of a collective action, the second with prejudice.

The record evidence submitted by the parties in connection with Plaintiffs' second conditional certification motion establishes that a class action is not appropriate in this case for two reasons.  First, Plaintiffs cannot meet the Rule 23(a) requirements because they are more stringent than the "similarly-situated" requirement for conditional certification pursuant to 29 U.S.C. § 216(b).  Because Plaintiffs could not meet that standard, they cannot, *a fortiori*, meet the stricter Rule 23 requirements to certify a class.  Second, Plaintiffs cannot meet the Rule 23(b)(3) requirements of commonality and superiority.  The Court's prior rulings that Plaintiff-specific issues predominate and that individualized inquiries will be necessary to resolve Plaintiffs' off-the-clock claims renders futile any attempt by Plaintiffs to meet these requirements.

### 1.        Plaintiffs Cannot Meet the Rule 23(a) Requirements

The Rule 23(a) requirements are as follows:  (1) "the class is so numerous that joinder of all members is impracticable;" (2) "there are questions of law or fact common to the class;" (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and (4) "the representative parties will fairly and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a).  These requirements are more stringent than the 29 U.S.C. § 216(b) "similarly-situated" requirement, which the Court has already found Plaintiffs incapable of meeting.  <u>Grayson v. K Mart Corp.</u>, 79

---

[7] "[T]he burden remains with the party seeking class certification regardless of who moves the court to make the determination."  <u>Blihovde</u>, 219 F.R.D. at 614.

F.3d 1086, 1096 & n.12 (11th Cir. 1996); see also White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1313 (M.D. Ala. 2002) ("[b]y negative implication, the Eleventh Circuit has made clear that the strict requirements of F.R.C.P. 23 are inapplicable to an opt-in collective action under the FLSA").

In denying Plaintiffs' second motion for conditional certification of a collective action, the Court ruled that Plaintiffs had not shown that they were similarly situated to putative class members in the Orlando call center because significant differences appear to exist among the putative class members on the thirty-one different client teams in Orlando, each of which "has its own supervisor with the discretion to manage, *inter alia*, CSAs' timekeeping and performance." (Doc. 82, p. 7). In particular, this Court noted that Hewitt had presented evidence, which Plaintiffs had failed to rebut, establishing differences as to "the manner in which a given team's CSAs start and end their shifts, take breaks, and handle client calls (if they take calls at all, as some CSAs appear to work on specialized projects)." (Id.). The Court also noted significant differences that would affect their off-the-clock work claims even among the four named Plaintiffs and between the named Plaintiffs and the putative opt-in plaintiffs. For instance, Plaintiffs Cartner, Oberender, and States have received meal break workplace modifications, unlike the fourth named Plaintiff and the putative opt-in plaintiffs. (Id.). In addition, named Plaintiffs and the putative opt-in plaintiffs have submitted sworn testimony with inconsistent statements as to how their hours worked were allegedly recorded and paid. (Id.).

This list of differences is sufficient to establish that Plaintiffs' claims of off-the-clock work—pre-shift, post-shift, and during meal breaks—do not raise questions of fact or law that are common to the class because they are not susceptible to class-wide proof. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1270 (11th Cir. 2009) (to meet the commonality requirement, "a class action must involve issues that are susceptible to class-wide proof"). In addition, Plaintiffs' claims are not typical of the claims or defenses of the class. For instance, as this Court noted, some Plaintiffs claim that their pay was calculated based on their scheduled shifts while others claim their pay was based on their time sheets. (Doc. 82, n.7). Such factual distinctions among Plaintiffs' claims make their claims atypical. Pinkard v. Pullman-Standard, 678 F.2d 1211, 1215 (5th Cir. 1982) (where plaintiffs' claims are factually distinct, the typicality requirement is not met).

Moreover, with so many differences even among the four named Plaintiffs and ten putative opt-in plaintiffs,[8] there is no identifiable subset of CSAs that could satisfy the commonality and typicality requirements and still be large enough to satisfy the numerosity requirement. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (less than 21 individuals generally does not satisfy the numerosity requirement). Finally, Plaintiffs' failure to timely move for Rule 23 class certification makes them inadequate representatives of the class. Jones v. Hartford Ins. Co. of the Midwest, 243 F.R.D. 694, 696-97 (N.D. Fla. 2006) (noting that where plaintiffs had failed to move for class certification within the 90-day period for doing so pursuant to local court rules, they

---

[8] Hewitt has also filed two motions to dismiss the opt-in plaintiffs, which motions are pending with the Court. (Docs. 80 and 85).

had failed to protect the interests of class members and, thus, would not make adequate class representatives).

### 2.     Plaintiffs Cannot Meet the Rule 23(b)(3) Requirements

To maintain a Rule 23(b)(3) class, Plaintiffs must show that:  (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  In denying with prejudice Plaintiffs' second motion for conditional certification of a collective action, the Court found that there are "significant differences amongst even the named Plaintiffs" that will necessitate individualized inquiries on a "plaintiff-by-plaintiff basis." (Doc. 82, p. 7).  When individualized inquiries predominate over any questions of fact or law common to the class, a Rule 23(b)(3) class is inappropriate.  Babineau v. Federal Express Corp., 576 F.3d 1183, 1191-94 (11th Cir. 2009); Vinole, 571 F.3d at 946-48 (holding that the district court did not abuse its discretion in denying Rule 23(b)(3) certification where individualized issues would predominate over common issues of fact and law).

In Babineau, as in the instant lawsuit, plaintiffs alleged that they were not paid for all hours worked pre-shift, post-shift, and during meal breaks.  576 F.3d at 1186.  The Eleventh Circuit upheld the district court's decision that these off-the-clock claims were not susceptible to common proof and that individualized issues would predominate such that certification of a Rule 23(b)(3) class was not appropriate.  Id. at 1191-94.  Plaintiff-specific inquiries such as the following would be necessary:  (1) why employees arrived

early or stayed late; (2) how early they arrived or how late they stayed; (3) whether they were performing work or engaging in non-work activities pre-shift, post-shift, and during meal breaks; and (4) if they did work during any unpaid meal breaks, how much time did they actually work.  Id.  As discussed in detail in Hewitt's opposition to Plaintiffs' first motion for conditional certification, (Doc. 30, pp. 17-19), and in its opposition to Plaintiffs' second motion for conditional certification, (Doc. 76, pp. 17-20), these same individualized inquiries, as well as others, will be necessary to resolve Plaintiffs' claims in this case.  Thus, individualized inquiries predominate over common issues and make class treatment of Plaintiffs' claims inappropriate.

## III.     CONCLUSION

Because Plaintiffs have not moved for Rule 23 class certification by their deadline for doing so, because they cannot show excusable neglect for their failure to timely move, and because they would not succeed on a motion for class certification even if they were permitted further time to do so, this Court should deny *with prejudice* class certification of Plaintiffs' Florida unpaid wages claim and strike the class allegations from their Amended Complaint.

Respectfully submitted this 19th day of April, 2010.

HEWITT ASSOCIATES LLC

By: s/ Richard L. Alfred
      Richard L. Alfred
      Counsel for Defendant
      (Admitted Pro Hac Vice)
      SEYFARTH SHAW LLP
      World Trade Center East
      Two Seaport Lane, Suite 300
      Boston, Massachusetts 02210-2028

ralfred@seyfarth.com

Louisa J. Johnson
Counsel for Defendant
(Admitted Pro Hac Vice)
SEYFARTH SHAW LLP
1545 Peachtree Street, N.E., Suite 700
Atlanta, Georgia 30309
Telephone: (404) 888-1023
Facsimile: (404) 724-1523
lojohnson@seyfarth.com

Ashley Rosenthal
Florida Bar No. 0513792
arosenthal@therosenthallaw.com
Jason Rosenthal
Florida Bar No. 0009482
jrosenthal@therosenthallaw.com
Counsel for Defendant
THE ROSENTHAL LAW FIRM, P.A.
4798 New Broad Street N.E., Suite 310
Orlando, Florida 32814
Telephone: (407) 488-1220
Facsimile: (407) 488-1228

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Defendant's Motion To Deny Rule 23 Class Certification and Strike Plaintiffs' Class Allegations** has been filed using the CM/ECF system, which will automatically send electronic notification of such filing to the following counsel of record:

Wolfgang M. Florin
Gregory A. Owens
Christopher D. Gray
FLORIN ROEBIG, P.A.
777 Alderman Road
Palm Harbor, FL 34683

This 19th day of April, 2010.

s/ Louisa J. Johnson
Louisa J. Johnson
Counsel for Defendant
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street, Suite 700
Atlanta, GA 30309-2401
Telephone:  (404) 888-1023
Facsimile:  (404) 724-1523
lojohnson@seyfarth.com